ELIZA A. MCCLEERY vs. WOODARD LEWIS.

Franklin.    Opinion February 26, 1908.

*Evidence.  Deeds.  Execution and Delivery.  Records.  Office Copies.  Grantees and Heirs.  R. S., chapter 84, section 125.*

1.  In an action involving the title to real estate, the record in the Registry of Deeds of what purports to be a deed of conveyance of the land is no evidence that such a deed was in fact executed and delivered when the party offering such record claims as the grantee, or as heir of the grantee, named in the record.  The statute, R. S., chapter 84, section 125, making such records evidence does not include cases where the party offering the record claims as the grantee or as heir of the grantee in such deeds.

2.  The rule that deeds shown to be thirty years old or more may be received in evidence without proof of execution, applies only to original deeds, not to copies, nor records of such deeds.

3.  The rule that copies of records of deeds may be received in evidence when the originals are lost, applies only to cases where it is made to appear aliunde that there was in fact an original deed executed and delivered.

4.  As the law is today in this State, grantees in deeds, and their heirs, cannot depend upon the record of deeds direct to them. . If unable to produce the deed itself, they must produce evidence, aliunde the record, that such a deed was in fact executed and delivered.

5.  The mere fact that a person is occupying a parcel of land is not evidence that he is claiming title under any particular deed.

On exceptions by defendant.    Sustained.

Real action brought by the plaintiff to recover one-half part in common and undivided of certain real estate in New Vineyard, Franklin County, from the defendant, who was the cotenant thereof, together with the sum of $300 for rents and profits during the six years preceding the date of the writ.    Plea, the general issue with brief statement as follows:    "And for brief statement of special matter of defense the defendant says:    "That he does not admit any title in the plaintiff to the premises set forth in the plaintiff's writ and declaration ; nor that the plaintiff ever obtained title to the same ; nor that the said plaintiff ever held title to the same or any part there-

VOL. CIV 3

of, and if she did hold a deed thereof the defendant calls for proof of the same and of the execution thereof." The defendant also filed a claim under the statute for betterments.

The plaintiff claimed title under a supposed deed dated October 27, 1855, and duly recorded in the Franklin County Registry of Deeds, Book 32, page 167, given by one Joshua Miller purporting to convey to Rispah Hewey, the mother of the plaintiff, a life estate in the premises with remainder to the plaintiff and others. Rispah Hewey died several years before the commencement of the plaintiff's action.

The plaintiff was not able to produce the original deed, if any such ever existed, neither was she able to produce any witness that ever saw such a deed or ever heard such an one read. Revised Statutes, chapter 84, section 125, reads as follows : "In all actions touching the reality, or in which the title to real estate is material to the issue, and where original deeds would be admissible, attested copies of such deeds from the registry may be used in evidence, without proof of their execution, when the party offering such copy is not a grantee in the deed, nor claims as heir, nor justifies as servant of the grantee or his heirs." In accordance with the provisions of this statute, the plaintiff then produced an attested copy of the supposed deed from Joshua Miller and offered the same in evidence. When the copy was offered, the following conversation between the presiding Justice and counsel was had.

Mr. Holman. "I now offer a quitclaim deed from Joshua Miller to Rispah Hewey, Eliza Hewey (the plaintiff), Woodard Lewis and Thomas Lewis.

The Court. "That is a copy I suppose.

Mr. Holman. "Yes, a certified copy from the record.

Mr. Butler. "I object.

Mr. Holman. "It is dated the 27th day of October 1855.

Mr. Butler. "I object.

The Court. "I will hear you on that proposition.

Mr. Butler. "My objection is, your Honor, that in all cases, both under the statute and rules of court, that where the party claims under an original deed, or as the heir of a grantee in an

original deed, that before an office copy is admissible that plaintiff must prove the execution and genuineness of the original deed, and that the same has been lost, and that he or she has used every reasonable effort to produce it.

Mr. Holman. "My reply to that is that this deed was given in 1885, a good many years ago. The witnesses, as far as we know, are all dead, and one of them we know is dead, and it wasn't executed here, hence it becomes an ancient deed. We have proved the death of the party under whom we claim. We have been to the expense to see every one of her children and talk with them and brought them here to court. I have done everything I know how to do. It is entirely impossible for me to prove the deed any more than it is now. I don't know any imaginable way. I have tried to think of every way possible to prove the deed further than what I have done, and I don't know how I can do it any more.

The Court. "Have you investigated, Mr. Holman, to see whether the witnesses were dead, or the magistrate was alive or dead?

Mr. Holman. "Yes, we have, every one of them. Plamentine Daggett was one of the witnesses, and died a great many years ago, and the deed was executed in Penobscot County. I know nothing about that. The deed was executed 52 years ago. As I understand the law, the presumption is that a man — the average man thirty years of age when he would be old enough to execute a deed, that he would be very aged, and as I understood the authorities, and I have looked them up carefully in that respect in my office, and my judgment was that I didn't have to go so far as that on so ancient a deed.

The Court. "You don't produce an ancient deed.

Mr. Holman. "The record of it.

The Court. "It is a copy of what may have been an ancient deed, or would be if it was found.

Mr. Holman. "Mr. Daggett was one of the witnesses. We can show he has been dead a great many years.

The Court. "Let's see your copy. How about George W. Whitney? Oh, that is the justice.

Mr. Holman.  "We don't know anything about him.  He must be over eighty years of age, if living, and probably was dead years ago, and my woman was poor and I didn't feel like going to the expense, and didn't think it would be necessary.

The Court.  "Of course an ancient deed, if you have shown it is in existence, and the parties purporting to have executed it as parties, or attested it as witnesses are not producible, the deed prima facie proves itself.  That is, the very fact of its ancientness.  But you don't produce it.  You only produce what purports to be an office copy.

Mr. Holman.  "I gave them notice to produce the deed, and have shown that the deed went into the hands and possession of Mr. Woodard Lewis.

Mr. Butler.  "This deed never went into his hands, and he has never seen it.

Mr. Holman.  "It hasn't been testified to.

Mr. Butler.  "I can put him on the stand.

The Court.  "It presents a rather curious phase.  It affords pretty strong moral proof that there is a deed, the fact of finding it on record.

Mr. Holman.  "The deed was recorded, as I remember, about the time it was executed.

The Court.  "Well, the parties are all here, and there are other issues which may have to be tried out sometime.  I think I will admit the deed subject to exception, and then you can try out the other issues, and the whole matter can be heard at once if it has to be.  However, I frankly say to you I think there is some doubt about it."

After the foregoing copy of the deed had been admitted for the purposes as expressed by the presiding Justice the plaintiff abandoned all claim for rents and profits and the defendant abandoned all claim for betterments and the jury returned a general verdict for the plaintiff.  The defendant excepted to the ruling admitting the copy of the supposed deed.

The case appears in the opinion.

*Joseph C. Holman*, for plaintiff.

*Frank W. Butler*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, SPEAR, CORNISH, JJ.

EMERY, C. J. This was a real action. The plaintiff claimed and sought to prove title only under a deed of conveyance which she claimed was executed and delivered to her mother in 1855, and conveying a life estate to her mother with remainder to herself. The mother was deceased.

The essential proposition of fact to be proved by the plaintiff was that such a deed had been in fact executed and delivered. She was not able to produce any witness that ever saw such a deed or ever heard such an one read. She did, however, produce an office copy of what purported to be the record of such a deed in the proper Registry of Deeds, and offered it as admissible evidence that an original deed corresponding to the record had been executed and delivered prior to the date of the record.

We are constrained to hold that by the settled law of this State neither the copy of the record nor the record itself is admissible evidence to prove the existence of an original, the plaintiff being a grantee in the supposed deed. The statute, R. S., ch. 84, sec. 125, authorizing the use of records and copies of records of deeds as evidence of the existence, execution and delivery of originals, only applies to deeds prior to that in which the party is the grantee or heir of a grantee. It does not include the deed produced by the plaintiff. *Elwell* v. *Cunningham*, 74 Maine, 127; *Webber* v. *Stratton*, 89 Maine, 379.

The plaintiff urges that the age of the record, an age of more than half a century, together with the fact that her mother occupied the land for a time after the date of the record, creates a presumption that there was in fact an original of the record duly executed and delivered. It is true that when a document, apparently an original deed and shown to be thirty years old or more, is produced, it may be received in evidence without other proof of execution. But this presumption of due execution applies only to originals, not to copies. Further, the mere fact that the mother occupied the land, there being no evidence that her occupation was under any

claim of title, creates no legal presumption that her occupation was under any particular deed. If neither the copy nor the occupation creates any presumption, both together cannot. Zero plus zero is still zero. In *Elwell* v. *Cunningham*, 74 Maine, 127, the record was nearly seventy-five years old, yet the court held it was not evidence of the execution and delivery of an original.

The plaintiff's counsel cites several cases to the effect that an office copy of a deed is admissible in evidence upon proof that the original is destroyed, or lost, or is in the possession of the opposite party who will not produce it. In those cases there was evidence aliunde that an original had been executed and delivered. In this case there is no such evidence. This circumstance shows the inapplicability of the cases cited.

As the law is today in this State, grantees in deeds, and their heirs, cannot depend upon the record of deeds direct to them. If unable to produce the original deed, they must produce evidence aliunde the record that there was in fact such a deed executed and delivered. The pro forma ruling admitting the copy in this case must be reversed.

*Exceptions sustained.*